UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRETT COULTER, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>RBC CAPITAL MARKETS, LLC<br><br>Defendant. | Docket No.   20 Civ. 6144<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brett Coulter ("Plaintiff"), by and through his attorneys at Filosa Graff LLP, as and for his Complaint in this action against Defendant RBC Capital Markets, LLC ("RBC Capital Markets," the "Company," or "Defendant") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## NATURE OF THE CLAIMS

1. This is a collective action brought by Plaintiff on his own behalf and on behalf of the proposed classes identified below ("Plaintiffs") against Defendant, a global investment bank, operating throughout the United States with a principle place of business in the United States located in New York, NY.

2. Plaintiff and the members of the proposed classes are current or former salespersons employed by Defendant that were paid strictly on a commission basis that did not account for required overtime compensation when Plaintiffs worked in excess of forty (40) hours in a given workweek.

3. Plaintiff brings this collective and class action to recover (i) overtime compensation that Defendant failed to pay Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") and (ii) damages

1

related to Defendant's failure to provide Plaintiff and the members of the proposed New York Labor Law class with accurate wage statements and notices required by NYLL § 195.

4. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendant as a salesperson in Defendant's Middle Market Sales group, or similarly situated sales groups, working throughout the United States that Defendant paid solely on a commission basis, from three years prior to this action's filing date through the date of the final disposition of this action (hereinafter referred to as the "FLSA Class," with the time period referred to as the "FLSA Class Period").

5. Plaintiff seeks relief for the FLSA Class to remedy Defendant's failure to pay applicable overtime compensation and/or other wages due for the FLSA Class Period, in addition to liquidated damages and injunctive relief.

6. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendant as a salesperson in Defendant's Middle Market Sales group, or similarly situated sales groups, working in New York that Defendant paid solely on a commission basis, from six years prior to this action's filing through the date of the final disposition of this action (hereinafter referred to as the "New York Class," with the time period referred to as the "New York Class Period").

7. Plaintiff seeks relief for the New York Class under the New York Labor Law ("NYLL") to remedy Defendant's failure to pay appropriate overtime compensation and other wages due for the New York Class Period, in addition to liquidated damages and injunctive relief.

8. Plaintiff also seeks relief for the New York Class related to Defendant's failure to issue pay notices required by New York Labor Law § 195(1) and wage statements that complied with the requirements of New York Labor Law § 195(3).

9. Plaintiff seeks relief on behalf of the New York Class pursuant to the applicable provisions of the NYLL, and on behalf of the FLSA Class pursuant to the FLSA, to remedy Defendant's failure to pay all wages due and in addition to injunctive relief.

10. This action also seeks declaratory, injunctive, and equitable relief to address Defendant's violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's and the New York Class's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiff worked for Defendant in this District and Defendant maintains its principal place of business for the United States in this District.

## THE PARTIES

13. Plaintiff Brett Coulter is a resident of the State of New York. Mr. Coulter was employed by RBC Wealth Management, a division of RBC Capital Markets from September 11, 2014 through May 10, 2019. At all times, Plaintiff met the definition of an "employee" under all applicable statutes.

14. Defendant RBC Capital Markets is a limited liability company organized and existing under the laws of the State of Minnesota with a global headquarters located in Toronto

Canada, and a U.S. headquarters in New York, NY. At all relevant times, Defendant met the definition of an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

15.  Plaintiff bring this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly-situated are:

> **FLSA Class:**  All persons who are or have been employed by Defendant as a salesperson in Defendant's Middle Market Sales group and other similarly situated sales groups working in the United States that Defendant paid on a commission basis from three (3) years prior to this action's filing date through the date of the final disposition of this action.

16.  Defendant employed Plaintiff and the members of the FLSA Class during the FLSA Class Period.

17.  During the FLSA Class Period, upon information and belief, Defendant employed approximately 75 employees who fall within the FLSA Class.

18.  Defendant meets and has, at all relevant times, met the definition of an "employer" under the FLSA. By way of example only, Defendant controlled how much the FLSA Class members are/were paid, maintained all time and pay records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members were to perform their tasks.

19.  Defendant also classified Plaintiff and the members of the FLSA Class as employees and paid them wages that were reported on an IRS Form W-2.

20.  Each of the FLSA Class members are or were "employees" entitled to additional overtime compensation for all hours worked in excess of 40 hours per workweek.

21. Defendant failed to pay Plaintiff and the members of the FLSA Class any additional overtime compensation when they worked in excess of forty (40) hours in a given workweek, in violation of the FLSA.

22. Defendant's violation of the FLSA was the result of Defendant's uniform policy or practice that paid Plaintiff and the members of the FLSA Class solely on a commission basis that applied to members of the FLSA Class equally.

23. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the members of the FLSA Class.

24. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the members of the FLSA Class and, as such, notice should be sent to the FLSA Class.

25. There are potentially dozens of similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

26. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendant as a salesperson in Defendant's Middle Market Sales group and other similarly situated sales groups that Defendant paid on a commission basis from six (6) years prior to this action's filing date through the date of the final disposition of this action.

27. At all times during the New York Class Period, Defendant, as a matter of policy, (i) did not pay Plaintiff or the members of the New York Class applicable overtime premium pay

for all hours worked in excess of 40 hours per workweek, (ii) failed to furnish accurate pay notices to Plaintiff or the members of the New York Class required by NYLL § 195(1), and (iii) failed to furnish correct and accurate wage statements to Plaintiff or the members of the New York Class with the information required by the NYLL 195(3).

28. The facts as alleged in Paragraphs 15-25 with respect to the FLSA Class are similarly true for the New York Class during the New York Class Period.

29. <u>Numerosity</u>: Upon information and belief, the proposed New York Class is so numerous that joinder of all members is impracticable.

30. <u>Typicality</u>: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class Period, Defendant subjected Plaintiff and the members of the New York Class to the same policy and practice of failing to pay them applicable overtime premium compensation when they worked in excess of forty (40) hours in a given workweek. Plaintiff had the same or similar duties and responsibilities as other New York Class members.

31. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

33. <u>Commonality</u>: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendant employed Plaintiff and the New York Class within the meaning of New York law;

   b.  Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

   c.  Whether Defendant violated the NYLL as alleged herein;

   d.  Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

   e.  What the proper measure of damages sustained by the New York Class are; and

   f.  Whether Defendant's actions were "willful."

34. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

35. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

36. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendant.

## FACTUAL ALLEGATIONS

**Plaintiff Coulter's Employment With Defendant**

37. Plaintiff Coulter was employed by Defendant as Director of Fixed Income Sales in RBC Wealth Management's Institutional Middle Market Sales group, effective September 11, 2014.

38. In this position with RBC Wealth Management, Plaintiff Coulter was responsible for generating sales from fixed income institutional accounts, ranging in size from $100 million to $15 billion.

39. Throughout the course of his employment, Defendant paid Plaintiff Coulter strictly on a commission basis.

40. Specifically, RBC paid Plaintiff Coulter a fixed percentage of any fees that he generated for the Company. For example, RBC paid Plaintiff Coulter 30% of fees that he generated that Defendant classified as "non-risk" and 20% of fees that Plaintiff Coulter generated that Defendant classified as "risk."

41. In addition, Plaintiff Coulter was eligible to earn an additional 10% of fees that he generated as a discretionary bonus at the end of the year.

42. Defendant paid Plaintiff Coulter on a monthly basis, with the payment for the prior month paid by the end of the following month.

43. Defendant paid Plaintiff Coulter strictly on a commission basis, with no other compensation – i.e., no salary, no draw, no other fee – other than the fixed percentage of fees that he generated for RBC.

44. During the course of his employment with Defendant, Plaintiff Coulter typically worked from 7:00 am to 5:00 pm, Monday through Friday, for a total of fifty (50) hours per week.

45. Due to the time-sensitive nature of his work, Plaintiff Coulter was away from his desk as little as possible; as a result, Plaintiff Coulter never took a lunch break and always ate lunch at his desk while working.

46. Defendant never paid Plaintiff Coulter any additional compensation when he worked in excess of forty (40) hours in a given workweek.

47. Upon information and belief, Defendant paid the other Plaintiffs in the same manner as Plaintiff Coulter – i.e., strictly on a commission basis with no other compensation than a fixed percentage of fees that such Plaintiff generated for RBC.

**Plaintiffs Were Entitled to Overtime Compensation**

48. Plaintiffs did not meet the requirements for any exemption from the overtime requirements under the FLSA or NYLL and, thus, should have been classified as "non-exempt" employees.

49. For example, because Defendant did not pay Plaintiffs on a salary or fee basis, the administrative, executive, and highly compensated exemptions cannot apply – and Plaintiffs do not meet any of the requirements of the learned professional or computer professional exemptions.

50. Similarly, Defendant is not a "retail or service establishment" and Plaintiffs did not perform outside sales, so the exemptions for retail establishments and outside salespersons do not apply to Plaintiffs.

51. Defendant thus misclassified Plaintiffs as "exempt" employees instead of "non-exempt" employees.

52. As non-exempt employees, Defendant was required to pay Plaintiffs additional compensation when they worked in excess of forty (40) hours per week.

53. Defendant never paid Plaintiffs any additional compensation when Plaintiffs worked in excess of forty (40) hours in a given workweek.

**The Company's Failure to Issue Required Pay Notices and Wage Statements to the New York Class**

54. During the time period that Plaintiff worked for Defendant, Defendant did not issue Plaintiff a pay notice containing the information required by NYLL § 195(1).

55. Upon information and belief, Defendant failed to furnish the other members of the New York Class with a pay notice containing the information required by NYLL § 195(1).

56. During the course of his employment with Defendant, the Company failed to issue Plaintiff wage statements that included all of the information required by NYLL.

57. NYLL § 195(3) provides the following: "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

58. The pay stubs that Defendant issued to Plaintiff did not include Plaintiff's regular hourly rate, overtime rate, or the number of regular or overtime hours.

59. Upon information and belief, the wage statements that Defendant issued to the other members of the New York Class did not include the regular hourly rate, the overtime rate, or the number of regular or overtime hours.

### FIRST CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**

60. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

61. During the relevant time period, Plaintiff and the members of the FLSA Class worked in excess of forty hours per workweek but, because of Defendant's above-outlined policy of misclassifying Plaintiff and the members of the FLSA Class as "exempt" from the overtime provisions of the FLSA, were not paid appropriate overtime compensation.

62. Despite the hours worked by Plaintiff and the members of the FLSA Class, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Class appropriate overtime compensation.

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

64. Plaintiff and the members of the FLSA Class seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**(NYLL: Failure to Pay Overtime Compensation)**

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

66. During the relevant time period, Plaintiff and the members of the FLSA Class worked in excess of forty hours per workweek but, because of Defendant's above-outlined policy of misclassifying Plaintiff and the members of the FLSA Class as "exempt" from the overtime provisions of the FLSA, were not paid appropriate overtime compensation.

67. Despite the hours worked by Plaintiff and the members of the New York Class, Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

68. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

69. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**(NYLL: Failure to Issue Pay Notice)**

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

71. Defendant failed to furnish Plaintiff and the members of the New York Class with the pay notice required by NYLL § 195(1).

72. Defendant's violation of the NYLL was willful and, as a result, Defendant are liable to Plaintiff and to each member of the New York Class in the amount of $50 for each day that the violations occurred or continued to occur, up to $5,000.

73. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

75. Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

76. The pay stubs that Defendant issued to Plaintiff and the members of the New York Class did not include Plaintiff's regular hourly rate, overtime rate, or the number of regular or overtime hours.

77. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and to each member of the New York Class in the amount of $250 for each day that the violations occurred or continued to occur, up to $5,000.

78. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Class and New York Class, pray for the following relief:

    A.    That the Court finds Defendant to have violated the Fair Labor Standards Act as to Plaintiff and the members of the FLSA Class;

    B.    That the Court finds Defendant to have violated the provisions of the New York Labor Law as to Plaintiff and the members of the New York Class;

    C.    That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    D.    That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

    E.    That the Court determine that Defendant's violations were willful;

    F.    An award to Plaintiff and the members of the FLSA Class and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

    G.    An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    H.    An award of liquidated damages pursuant to the NYLL;

    I.    That Court Order that Defendant must cease and desist from unlawful activities in violation of the FLSA and NYLL;

    J.    An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

K.      Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 6, 2020
New York, NY

Respectfully submitted,

FILOSA GRAFF LLP

By: _____
Gregory N. Filosa (GF-3862)
Ariel Y. Graff (AG-8039)

111 John Street, Suite 2510
New York, NY  10038
Tel.:   (212) 256-1780
Fax.:  (212) 256-1781
gfilosa@filosagraff.com
agraff@filosagraff.com

*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*